No. 3651.—Succession of MILTON TAYLOR. Application of J. J. TAYLOR and P. A. T. DUNCANSON to be recognized as heirs.

A judgment which recognizes one person as an heir to an estate, and reserves the rights of all other persons to show their heirship in a legal way, cannot be pleaded as *res judicata* against other persons who afterward claim to be heirs. The fact that such a judgment has been appealed from, and the appeal has afterward been abandoned, does not conclude other persons from asserting their heirship judicially.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *W. W. Handlin*, for appellants. *Labatt & Aroni*, for appellee.

HOWELL, J. As stated by the appellee, "the only question presented in this voluminous record is, whether John James Taylor and Phœbe Ann Duncanson are the children of Milton Taylor, and as such entitled each to one-third of the succession. Their pretensions were successfully resisted by appellee, who had previously been, by a final judgment rendered herein, duly recognized as the sole heir of her deceased father, and placed in possession of the succession. From this judgment there was no appeal," and the appellee contends that the petitioners are concluded by it, because they applied for and obtained an appeal therefrom, and afterwards on their own motion in the lower court caused it to be dismissed.

The proceeding taken by the appellee, Mary Jane Taylor, wife of Milton Rogers, to be recognized as sole heir, and put in possession of the succession, was had contradictorily with the public administration alone, and the judgment thereon expressly reserved the rights of any heir at law, the evidence before the court developing the fact that the two applicants now before the court were also children of the decedent. The abandonment of the appeal from the said judgment, after the appellants had instituted this proceeding, did not give to the said judgment more force than it inherently possessed, and not being final as to the petitioners in its terms, has not become so by any act of theirs, or otherwise.

In our opinion the evidence which establishes the status of the appellee as the child of the deceased shows with equal clearness that the petitioners herein are also his children. The only contradictory evidence is a statement in a written document of memoranda or instructions to his executors, that the two petitioners are not his children. This, however, appears to us to have been written under the influence of displeasure, and to be outweighed by abundant evidence.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of petitioners, John James Taylor and Phœbe Ann Taylor, wife of Robert S. Duncanson, to recognize as heirs and put in possession, through their attorney in fact, William W. Handlin, of two-thirds of the succession of their father, Milton Taylor; and that so much of the order putting Mary Ann Jane Taylor Rogers in possession of all said succession be annulled. Cost of appeal to be paid by appellee, Mrs. Rogers.

Rehearing refused.